KING & SIEGEL LLP
JULIAN BURNS KING, Bar No. 298617
julian@kingsiegel.com
ELLIOTT J. SIEGEL, Bar No. 286798
elliott@kingsiegel.com
ROBERT J. KING, Bar No. 302545
robert@kingsiegel.com
724 S. Spring Street, Suite 201
Los Angeles, CA 90014
Telephone: 213.465.4802
Facsimile: 213.465.4803
Attorneys for Plaintiff
SARAH FRAZIER

Barbara A. Blackburn, Bar No. 253731
bblackburn@littler.com
Nathaniel H. Jenkins, Bar No. 312067
njenkins@littler.com
LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, California 95814
Telephone: 916.830.7200
Fax No.: 916.561.0828

Attorneys for Defendant
ULTA SALON, COSMETICS &
FRAGRANCE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SARAH FRAZIER, an individual, | Case No. 2:20-cv-01608-TLN-DB |
| Plaintiff, | **Joint Stipulation to Modify the Initial Scheduling Order; Order Thereon** |
| v. | **Complaint filed:** 08/11/2020 |
| ULTA SALON, COSMETICS, & FRAGRANCE, INC., a Delaware corporation and DOES 1-10, inclusive,, | **Amended Complaint filed:** 09/10/2020 |
| Defendant. | |

Plaintiff Sarah Frazier ("Plaintiff") and Defendant Ulta Salon, Cosmetics &

Joint Stipulation to Modify the Initial      1     2:20-CV-01608-TLN-DB
Scheduling Order; Order

Fragrance, Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby agree and respectfully stipulate as follows:

**WHEREAS**, Plaintiff filed her Complaint on August 11, 2020, but did not serve Defendant with this Complaint. Instead, Plaintiff filed a First Amended Complaint on September 10, 2020 (ECF No. 5), and served Defendant with the First Amended Complaint on September 15, 2020, and Defendant answered on October 20, 2020;

**WHEREAS**, on October 29, 2020, the Parties met and conferred regarding Plaintiff's contention that Defendant's Answer was deficient, and in turn, Defendant agreed to file an Amended Answer, and did so on November 20, 2020;

**WHEREAS,** on August 12, 2020, this Court issued its Initial Scheduling Order, which requires the Parties to complete discovery no later than 240 days after the last day that a defendant may answer the complaint (which here was October 20, 2020). Accordingly, the current discovery cut off is June 17, 2021 (making the deadline for either party to serve any further discovery requests May 18, 2021).

**WHEREAS,** pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), the Parties exchanged initial disclosure statements and documents on December 14, 2020. Thereafter, over the next five months, the Parties propounded and responded to written discovery requests, and met and conferred to resolve alleged deficiencies in the discovery responses, including serving amended discovery responses, as well as engaging in efforts to streamline Defendant's search for Electronically Stored Information ("ESI") pursuant to Plaintiff's discovery request.

**WHEREAS,** the Parties have diligently pursued written discovery, but have yet to take depositions. The Parties have attempted to set depositions, but have encountered issues locating pertinent witnesses (namely, former employees of Defendant). Both Parties wish to take depositions of certain witnesses, but will not be able to do so prior to the current discovery cut off, which is only a month away.

///

///

**WHEREAS**, the Parties have agreed to pursue early mediation of this matter in hopes to reach a reasonable, global resolution of the lawsuit and to prevent any further need for further written discovery, and trial preparation. However, the Parties have further agreed that prior to submitting to early mediation, the Parties shall each take the limited depositions of Plaintiff and two of Plaintiff's former managers (who are both former employees of Defendant).

**WHEREAS**, good cause exists to modify the Court's scheduling Order as follows:

The district court is given broad discretion in supervising the pretrial phase of litigation…" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see e.g. *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 343 (5th Cir. 1990) (court impliedly granted motion to modify scheduling order by allowing summary judgment motion after pretrial motion cut-off date).

To establish "good cause," parties seeking modification of a scheduling order must generally show that, even with the exercise of due diligence, they cannot meet the order's timetable. *Johnson, supra,* 975 F.2d at 609; *see e.g.*, *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (granting request for modification that was promptly made when it became apparent that compliance with the scheduling order was not possible). In determining "good cause," courts also consider the importance of the requested modification, the potential prejudice in allowing the modification, and, conversely, whether denial of the requested modification would result in prejudice. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (involving amendment of pleadings).

Here, good cause exists for a modification of the Court's scheduling order given the Parties' inability to complete necessary discovery within the Scheduling Order's timetable. This matter was initially filed on August 11, 2020; however Plaintiff did not immediately serve Defendant. By the time Plaintiff served Defendant with her First Amended Complaint, and Defendant filed an Amended Answer and the Parties exchanged their Rule 26(f) disclosures, less than six months remained within the current Scheduling Order's timetable to complete all necessary discovery. Even then, the Parties

diligently engaged in written discovery efforts, including a request that Defendant conduct a search of voluminous ESI, which took several months to complete. Now, the Parties have agreed to submit to early mediation and hope to reach a global resolution of this matter, but will need additional time in order to complete limited depositions prior to a mediation. However, if mediation is unsuccessful, the Parties will need additional time to conduct further, and complete, discovery, as well as prepare for trial.

**THEREFORE, upon good cause shown**, the Parties stipulate to continue the discovery cut off (and related deadlines) out by a minimum of 180 days (which would be December 14, 2021 for the discovery cutoff).

Dated: May 19, 2021                                KING & SIEGEL, LLP

*/s/ Robert J. King (As authorized on 5/19/2021)*
JULIAN BURNS KING
ELLIOT J. SIEGEL
ROBERT J. KING
Attorney for Plaintiff
SARAH FRAZIER

Dated: May 20, 2021                                LITTLER MENDELSON P.C.

*/s/ Nathaniel H. Jenkins*
BARBARA A. BLACKBURN
NATHANIEL H. JENKINS
Attorneys for Defendant
ULTA SALON, COSMETICS & FRAGRANCE, INC.

**ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: May 20, 2021

Troy L. Nunley
United States District Judge