KING & SIEGEL LLP
JULIAN BURNS KING, Bar No. 298617
julian@kingsiegel.com
ELLIOTT J. SIEGEL, Bar No.286798
elliott@kingsiegel.com
ROBERT J. KING, Bar No. 302545
robert@kingsiegel.com
724 S. Spring Street, Suite 201
Los Angeles, CA  90014
Telephone:     213.465.4802
Facsimile:      213.465.4803
Attorneys for Plaintiff
SARAH FRAZIER

Barbara A. Blackburn, Bar No. 253731
bblackburn@littler.com
Nathaniel H. Jenkins, Bar No. 312067
njenkins@littler.com
LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, California  95814
Telephone:     916.830.7200
Fax No.:         916.561.0828

Attorneys for Defendant
ULTA SALON, COSMETICS & FRAGRANCE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SARAH FRAZIER, an individual, | Case No. 2:20-cv-01608-TLN-DB |
| Plaintiff, | **STIPULATION AND ORDER TO FURTHER MODIFY THE SCHEDULING ORDER** |
| v. | |
| ULTA SALON, COSMETICS, & FRAGRANCE, INC., a Delaware corporation and DOES 1-10, inclusive, | **Complaint filed:**        08/11/2020 |
| Defendant. | **Amended Complaint filed:** 09/10/2020 |

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

Stipulation and Order                     1                          2:20-CV-01608-TLM-DB

1    Plaintiff Sarah Frazier ("Plaintiff") and Defendant Ulta Salon, Cosmetics &
2 Fragrance, Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel of
3 record, hereby agree and respectfully stipulate as follows:
4    **WHEREAS**, Plaintiff filed her Complaint on August 11, 2020, but did not serve
5 Defendant with this Complaint. Instead, Plaintiff filed a First Amended Complaint on September 10,
6 2020 (ECF No. 5), and served Defendant with the First Amended Complaint on September 15, 2020,
7 and Defendant answered on October 20, 2020;
8    **WHEREAS**, on October 29, 2020, the Parties met and conferred regarding Plaintiff's
9 contention that Defendant's Answer was deficient, and in turn, Defendant agreed to file an Amended
10 Answer, and did so on November 20, 2020;
11    **WHEREAS,** on August 12, 2020, this Court issued its Initial Scheduling Order, which
12 requires the Parties to complete discovery no later than 240 days after the last day that a defendant
13 may answer the complaint (which here was October 20, 2020). Accordingly, the discovery cut off was
14 June 17, 2021 (making the deadline for either party to serve any further discovery requests May 18,
15 2021).
16    **WHEREAS,** pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), the Parties
17 exchanged initial disclosure statements and documents on December 14, 2020. Thereafter, over the
18 next five months, the Parties propounded and responded to written discovery requests, and met and
19 conferred to resolve alleged deficiencies in the discovery responses, including serving amended
20 discovery responses, as well as engaging in efforts to streamline Defendant's search for Electronically
21 Stored Information ("ESI") pursuant to Plaintiff's discovery request.
22    **WHEREAS,** on May 21, 2021, this Court issued its signed Order accepting Plaintiff's
23 and Defendant's Joint Stipulation to Modify the Initial Scheduling Order (the "First Joint
24 Stipulation"). Pursuant to the First Joint Stipulation, the discovery cut off was extended to December
25 14, 2021.
26    **WHEREAS,** after obtaining the initial discovery extension, the Parties engaged in
27 written discovery efforts and took depositions of available witnesses, but have yet to complete
28 depositions. The Parties have attempted to set depositions, but have encountered issues locating

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Stipulation and Order    2    2:20-CV-01608-TLM-DB

pertinent witnesses (namely, former employees of Defendant, including two of Plaintiff's former managers) and have had issues with witness availability. Specifically, both Parties wish to take the deposition of Tonja Springer, Plaintiff's former direct manager, and have diligently attempted to serve Ms. Springer with a deposition subpoena, to which Ms. Springer appears to be actively avoiding service of same. Additionally, Defendant took the first part of Plaintiff's deposition in July 2021, but due to scheduling conflicts, have not been able to complete Plaintiff's deposition. Accordingly, the Parties will not be able to complete these depositions and/or enforce the deposition subpoena for Ms. Springer prior to the previous discovery cut off on December 14, 2021, due to witness unavailability. Accordingly, on December 15, 2021, this Court issued its signed Order accepting Plaintiff's and Defendant's second Joint Stipulation to Modify the Initial Scheduling Order.

**WHEREAS**, Defendant has diligent attempted to serve four pertinent witnesses with deposition subpoenas, all former employees of Defendant, including Plaintiff's former manager, Tonja Springer, and other relevant managers, Chris Galway-Howard and Carolyn Manick, along with Plaintiff's alleged harasser, Shalyce Beck, all of whom are pertinent and critical witnesses to Plaintiff's allegations. Despite diligent efforts, Defendant has not yet been able to effectuate service on any of these individuals. Defendant's process server has informed defense counsel that Ms. Springer in particular, is actively evading service. As for the other three individuals, Defendant is attempting to locate these individuals, since their last known addresses on file with Defendant appear to be no longer their current addresses. Additionally, Defendant still needs to complete Plaintiff's deposition, but has had difficult scheduling the deposition due to the holidays, counsels' litigation calendars, and Plaintiff's own work schedule, which is set four weeks in advance.

**WHEREAS**, the Parties still intend to pursue early mediation of this matter in hopes to reach a reasonable, global resolution of the lawsuit and to prevent any further need for further written discovery, and trial preparation. However, the Parties have further agreed that in order to have a productive mediation, the depositions of the individuals listed above need to be taken. As described above, due to witness unavailability and/or inability to effectuate service of deposition subpoenas pursuant to FRCP Rule 45, the Parties have not completed these depositions.

**WHEREAS**, good cause exists to modify the Court's scheduling Order as follows:

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Stipulation and Order                      3                       2:20-CV-01608-TLM-DB

The district court is given broad discretion in supervising the pretrial phase of litigation…" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see e.g. *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 343 (5th Cir. 1990) (court impliedly granted motion to modify scheduling order by allowing summary judgment motion after pretrial motion cut-off date).

To establish "good cause," parties seeking modification of a scheduling order must generally show that, even with the exercise of due diligence, they cannot meet the order's timetable. *Johnson, supra,* 975 F.2d at 609; *see e.g.*, *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (granting request for modification that was promptly made when it became apparent that compliance with the scheduling order was not possible). In determining "good cause," courts also consider the importance of the requested modification, the potential prejudice in allowing the modification, and, conversely, whether denial of the requested modification would result in prejudice. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (involving amendment of pleadings).

Here, good cause exists for an extension of the discovery cut off given the Parties' inability to complete necessary discovery. This matter was initially filed on August 11, 2020; however Plaintiff did not immediately serve Defendant. By the time Plaintiff served Defendant with her First Amended Complaint, and Defendant filed an Amended Answer and the Parties exchanged their Rule 26(f) disclosures, less than six months remained within the then-existing Scheduling Order's timetable to complete all necessary discovery. Even then, the Parties diligently engaged in written discovery efforts, including a request that Defendant conduct a search of voluminous ESI, which took several months to complete. Once the Parties obtained an extension of the initial discovery deadline, they continued to engage in written discovery efforts and they took depositions of available witnesses. However, the unavailability of pertinent witnesses (including Plaintiff's former manager and alleged harasser) has prevented the parties from completing discovery. In addition, the Parties have agreed to submit to early mediation and hope to reach a global resolution of this matter, but will need additional time in order to complete limited depositions prior to a mediation. If mediation is unsuccessful, the

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Stipulation and Order            4            2:20-CV-01608-TLM-DB

Parties will need additional time to conduct further discovery and prepare for trial.

**THEREFORE, upon good cause shown**, the Parties stipulate to continue the discovery cut off (and related deadlines) out by a minimum of 90 days (which would be May 16, 2022 for the discovery cutoff).

Dated:   February 1, 2022              KING & SIEGEL, LLP

　　　　　　　　　　　　　　　　　　　　　　/s/Robert J. King  (as approved on 1/31/22)
　　　　　　　　　　　　　　　　　　　　　　JULIAN BURNS KING
　　　　　　　　　　　　　　　　　　　　　　ELLIOT J. SIEGEL
　　　　　　　　　　　　　　　　　　　　　　ROBERT J. KING
　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　 SARAH FRAZIER

Dated: February 1, 2022                LITTLER MENDELSON P.C.

　　　　　　　　　　　　　　　　　　　　　　/s/Nathaniel H. Jenkins
　　　　　　　　　　　　　　　　　　　　　　BARBARA A. BLACKBURN
　　　　　　　　　　　　　　　　　　　　　　NATHANIEL H. JENKINS
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　ULTA SALON, COSMETICS & FRAGRANCE, INC.

## ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: February 1, 2022

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Troy L. Nunley
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Stipulation and Order                       5                    2:20-CV-01608-TLM-DB