KING & SIEGEL LLP
JULIAN BURNS KING, Bar No. 298617
julian@kingsiegel.com
ELLIOTT J. SIEGEL, Bar No.286798
elliott@kingsiegel.com
ROBERT J. KING, Bar No. 302545
robert@kingsiegel.com
724 S. Spring Street, Suite 201
Los Angeles, CA  90014
Telephone:     213.465.4802
Facsimile:      213.465.4803
Attorneys for Plaintiff
SARAH FRAZIER

Barbara A. Blackburn, Bar No. 253731
bblackburn@littler.com
Nathaniel H. Jenkins, Bar No. 312067
njenkins@littler.com
LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, California  95814
Telephone:     916.830.7200
Fax No.:        916.561.0828

Attorneys for Defendant
ULTA SALON, COSMETICS & FRAGRANCE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SARAH FRAZIER, an individual,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ULTA SALON, COSMETICS, & FRAGRANCE, INC., a Delaware corporation and DOES 1-10, inclusive,,<br><br>　　　　　　Defendant. | Case No. 2:20-cv-01608-TLM-DB<br><br>**Stipulation and Order to Further Modify the Scheduling Order**<br><br>**Complaint filed:**　　　08/11/2020<br><br>**Amended Complaint filed:** 09/10/2020 |

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

Stipulation and Order to Further
Modify the Scheduling Order

1

2:20-CV-01608-TLN-DB

Plaintiff Sarah Frazier ("Plaintiff") and Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby agree and respectfully stipulate as follows:

**WHEREAS**, Plaintiff filed her Complaint on August 11, 2020, but did not serve Defendant with this Complaint. Instead, Plaintiff filed a First Amended Complaint on September 10, 2020 (ECF No. 5), and served Defendant with the First Amended Complaint on September 15, 2020, and Defendant answered on October 20, 2020;

**WHEREAS**, on October 29, 2020, the Parties met and conferred regarding Plaintiff's contention that Defendant's Answer was deficient, and in turn, Defendant agreed to file an Amended Answer, and did so on November 20, 2020;

**WHEREAS,** on August 12, 2020, this Court issued its Initial Scheduling Order, which requires the Parties to complete discovery no later than 240 days after the last day that a defendant may answer the complaint (which here was October 20, 2020). Accordingly, the current discovery cut off is June 17, 2021 (making the deadline for either party to serve any further discovery requests May 18, 2021).

**WHEREAS,** pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), the Parties exchanged initial disclosure statements and documents on December 14, 2020. Thereafter, over the next five months, the Parties propounded and responded to written discovery requests, and met and conferred to resolve alleged deficiencies in the discovery responses, including serving amended discovery responses, as well as engaging in efforts to streamline Defendant's search for Electronically Stored Information ("ESI") pursuant to Plaintiff's discovery request.

**WHEREAS,** on May 21, 2021, this Court issued its signed Order accepting Plaintiff's and Defendant's Joint Stipulation to Modify the Initial Scheduling Order (the "First Joint Stipulation"). Pursuant to the First Joint Stipulation, the discovery cut off was extended to December 14, 2021.

**WHEREAS,** after obtaining the initial discovery extension, the Parties engaged in written discovery efforts and took depositions of available witnesses, but have yet to complete

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Stipulation and Order to Further
Modify the Scheduling Order

2

2:20-CV-01608-TLN-DB

depositions. The Parties have attempted to set depositions, but have encountered issues locating pertinent witnesses (namely, former employees of Defendant, including two of Plaintiff's former managers) and have had issues with witness availability. Specifically, both Parties wish to take the deposition of Tonja Springer, Plaintiff's former direct manager, and have diligently attempted to serve Ms. Springer with a deposition subpoena, to which Ms. Springer appears to be actively avoiding service of same. Additionally, Defendant took the first part of Plaintiff's deposition in July 2021, but due to scheduling conflicts, have not been able to complete Plaintiff's deposition. Accordingly, the Parties will not be able to complete these depositions and/or enforce the deposition subpoena for Ms. Springer prior to the previous discovery cut off on December 14, 2021, due to witness unavailability. Accordingly, on December 15, 2021, this Court issued its signed Order accepting Plaintiff's and Defendant's Second Joint Stipulation to Modify the Initial Scheduling Order.

**WHEREAS**, Defendant attempted to serve four pertinent witnesses with deposition subpoenas, all former employees of Defendant, including Plaintiff's former manager, Tonja Springer, and other relevant managers, Chris Galway-Howard and Carolyn Manick, along with Plaintiff's alleged harasser, Shalyce Beck, all of whom are pertinent and critical witnesses to Plaintiff's allegations. Despite diligent efforts, Defendant was not able to effectuate service on any of these individuals.

**WHEREAS,** on February 2, 2022, this Court issued its signed Order accepting Plaintiff's and Defendant's Joint Stipulation to Modify the Initial Scheduling Order (the "Third Joint Stipulation").  Pursuant to the Third Joint Stipulation, the discovery cut off was extended to May 16, 2021.

**WHEREAS**, several key deposition remain unscheduled due to service difficulties and the parties agree to a brief thirty (30) day extension of the discovery cut-off in order to complete discovery.

**WHEREAS**, the Parties still intend to pursue early mediation of this matter in hopes to reach a reasonable, global resolution of the lawsuit and to prevent any further need for further written discovery, and trial preparation. However, the Parties have further agreed that in order to have

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

Stipulation and Order to Further
Modify the Scheduling Order

3

2:20-CV-01608-TLN-DB

a productive mediation, the depositions of the individuals listed above need to be taken. As described above, due to witness unavailability and/or inability to effectuate service of deposition subpoenas pursuant to FRCP Rule 45, the Parties have not completed these depositions.

**WHEREAS**, good cause exists to modify the Court's scheduling Order as follows:

The district court is given broad discretion in supervising the pretrial phase of litigation…" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see e.g. *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 343 (5th Cir. 1990) (court impliedly granted motion to modify scheduling order by allowing summary judgment motion after pretrial motion cut-off date).

To establish "good cause," parties seeking modification of a scheduling order must generally show that, even with the exercise of due diligence, they cannot meet the order's timetable. *Johnson, supra,* 975 F.2d at 609; *see e.g.*, *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (granting request for modification that was promptly made when it became apparent that compliance with the scheduling order was not possible). In determining "good cause," courts also consider the importance of the requested modification, the potential prejudice in allowing the modification, and, conversely, whether denial of the requested modification would result in prejudice. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (involving amendment of pleadings).

Here, good cause exists for an extension of the discovery cut off given the Parties' inability to complete necessary discovery. This matter was initially filed on August 11, 2020; however Plaintiff did not immediately serve Defendant. By the time Plaintiff served Defendant with her First Amended Complaint, and Defendant filed an Amended Answer and the Parties exchanged their Rule 26(f) disclosures, less than six months remained within the then-existing Scheduling Order's timetable to complete all necessary discovery. Even then, the Parties diligently engaged in written discovery efforts, including a request that Defendant conduct a search of voluminous ESI, which took several months to complete. Once the Parties obtained an extension of the initial discovery deadline, they

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Stipulation and Order to Further
Modify the Scheduling Order

4

2:20-CV-01608-TLN-DB

continued to engage in written discovery efforts and they took depositions of available witnesses. However, the unavailability of pertinent witnesses (including Plaintiff's former manager and alleged harasser) has prevented the parties from completing discovery. In addition, the Parties have agreed to submit to early mediation and hope to reach a global resolution of this matter, but will need additional time in order to complete limited depositions prior to a mediation. If mediation is unsuccessful, the Parties will need additional time to conduct further discovery and prepare for trial.

**THEREFORE, upon good cause shown**, the Parties stipulate to continue the discovery cut off (and related deadlines) out by a minimum of 45 days (which would be June 30, 2022 for the discovery cutoff).

Dated:   May 9, 2022                                KING & SIEGEL, LLP


  /s/Robert J. King
JULIAN BURNS KING
ELLIOT J. SIEGEL
ROBERT J. KING
Attorney for Plaintiff
 SARAH FRAZIER


Dated: May 9, 2022                                  LITTLER MENDELSON P.C.


/s/Nathaniel H. Jenkins
BARBARA A. BLACKBURN
NATHANIEL H. JENKINS
Attorneys for Defendant
ULTA SALON, COSMETICS & FRAGRANCE, INC.

## ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: May 10, 2022

Troy L. Nunley
United States District Judge

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Stipulation and Order to Further Modify the Scheduling Order

5

2:20-CV-01608-TLN-DB