1  KING & SIEGEL LLP
   JULIAN BURNS KING, Bar No. 298617
2  julian@kingsiegel.com
   ELLIOTT J. SIEGEL, Bar No.286798
3  elliott@kingsiegel.com
   ROBERT J. KING, Bar No. 302545
4  robert@kingsiegel.com
   724 S. Spring Street, Suite 201
5  Los Angeles, CA  90014
   Telephone:    213.465.4802
6  Facsimile:    213.465.4803

7  Attorneys for Plaintiff
   SARAH FRAZIER
8
   Barbara A. Blackburn, Bar No. 253731
9  bblackburn@littler.com
   Nathaniel H. Jenkins, Bar No. 312067
10 njenkins@littler.com
   LITTLER MENDELSON P.C.
11 500 Capitol Mall
   Suite 2000
12 Sacramento, California  95814
   Telephone:    916.830.7200
13 Fax No.:    916.561.0828

14 Attorneys for Defendant
   ULTA SALON, COSMETICS & FRAGRANCE, INC.
15

16              UNITED STATES DISTRICT COURT

17              EASTERN DISTRICT OF CALIFORNIA

18                  SACRAMENTO DIVISION

19

| | |
|---|---|
| 20  SARAH FRAZIER, an individual, | Case No. 2:20-cv-01608-TLN-DB |
| 21              Plaintiff, | **JOINT STIPULATION TO FURTHER MODIFY THE SCHEDULING ORDER;** |
| 22        v. | **ORDER THEREON** |
| 23  ULTA SALON, COSMETICS, & FRAGRANCE, INC., a Delaware corporation | **Complaint filed:        08/11/2020** |
| 24  and DOES 1-10, inclusive, | **Amended Complaint filed:  09/10/2020** |
| 25              Defendant. | |
| 26 | |

27

28

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Joint Stipulation to Further Modify the
Scheduling Order; Order

1

2:20-CV-01608-TLN-DB

1         Plaintiff Sarah Frazier ("Plaintiff") and Defendant Ulta Salon, Cosmetics & Fragrance,

2 Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record,

3 hereby agree and respectfully stipulate as follows:

4         **WHEREAS**, Plaintiff filed her Complaint on August 11, 2020, but did not serve

5 Defendant with this Complaint. Instead, Plaintiff filed a First Amended Complaint on September 10,

6 2020 (ECF No. 5), and served Defendant with the First Amended Complaint on September 15, 2020,

7 and Defendant answered on October 20, 2020;

8         **WHEREAS**, on October 29, 2020, the Parties met and conferred regarding Plaintiff's

9 contention that Defendant's Answer was deficient, and in turn, Defendant agreed to file an Amended

10 Answer, and did so on November 20, 2020;

11         **WHEREAS,** on August 12, 2020, this Court issued its Initial Scheduling Order, which

12 requires the Parties to complete discovery no later than 240 days after the last day that a defendant

13 may answer the complaint (which here was October 20, 2020). Accordingly, the current discovery cut

14 off is June 17, 2021 (making the deadline for either party to serve any further discovery requests May

15 18, 2021).

16         **WHEREAS,** pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), the Parties

17 exchanged initial disclosure statements and documents on December 14, 2020. Thereafter, over the

18 next five months, the Parties propounded and responded to written discovery requests, and met and

19 conferred to resolve alleged deficiencies in the discovery responses, including serving amended

20 discovery responses, as well as engaging in efforts to streamline Defendant's search for Electronically

21 Stored Information ("ESI") pursuant to Plaintiff's discovery request.

22         **WHEREAS,** on May 21, 2021, this Court issued its signed Order accepting Plaintiff's

23 and Defendant's Joint Stipulation to Modify the Initial Scheduling Order (the "First Joint

24 Stipulation").  Pursuant to the First Joint Stipulation, the discovery cut off was extended to December

25 14, 2021.

26         **WHEREAS,** after obtaining the initial discovery extension, the Parties engaged in

27 written discovery efforts and took depositions of available witnesses, but have yet to complete

28 depositions. The Parties have attempted to set depositions, but have encountered issues locating

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

Joint Stipulation to Further Modify the       2       2:20-CV-01608-TLN-DB
Scheduling Order; Order

pertinent witnesses (namely, former employees of Defendant, including two of Plaintiff's former managers) and have had issues with witness availability. Specifically, both Parties wish to take the deposition of Tonja Springer, Plaintiff's former direct manager, and have diligently attempted to serve Ms. Springer with a deposition subpoena, to which Ms. Springer appears to be actively avoiding service of same. Additionally, Defendant took the first part of Plaintiff's deposition in July 2021, but due to scheduling conflicts, have not been able to complete Plaintiff's deposition. Accordingly, the Parties will not be able to complete these depositions and/or enforce the deposition subpoena for Ms. Springer prior to the previous discovery cut off on December 14, 2021, due to witness unavailability. Accordingly, on December 15, 2021, this Court issued its signed Order accepting Plaintiff's and Defendant's Second Joint Stipulation to Modify the Initial Scheduling Order.

**WHEREAS**, Defendant attempted to serve four pertinent witnesses with deposition subpoenas, all former employees of Defendant, including Plaintiff's former manager, Tonja Springer, and other relevant managers, Chris Galway-Howard and Carolyn Manick, along with Plaintiff's alleged harasser, Shalyce Beck, all of whom are pertinent and critical witnesses to Plaintiff's allegations. Despite diligent efforts, Defendant was not able to effectuate service on any of these individuals.

**WHEREAS,** Pursuant to a number of stipulations, culminating in the Fourth Joint Stipulation, the discovery cut off was extended to June 30, 2022.

**WHEREAS**, the parties are actively meeting and conferring regarding several remaining discovery disputes related to their respective second sets of discovery, and mutually seek an extension of the discovery deadline of thirty (30) days in order to avoid unnecessary motion practice.

**WHEREAS**, the Parties still intend to pursue early mediation of this matter in hopes to reach a reasonable, global resolution of the lawsuit and to prevent any further need for further written discovery, and trial preparation. However, the Parties have further agreed that in order to have a productive mediation, the depositions of the individuals listed above need to be taken.  As described above, due to witness unavailability and/or inability to effectuate service of deposition subpoenas pursuant to FRCP Rule 45, the Parties have not completed these depositions.

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

Joint Stipulation to Further Modify the
Scheduling Order; Order                                3                      2:20-CV-01608-TLN-DB

1    **WHEREAS**, good cause exists to modify the Court's scheduling Order as follows:

2    The district court is given broad discretion in supervising the pretrial phase of

3    litigation…" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and

4    internal quotation marks omitted). "A schedule may be modified only for good cause and with the

5    judge's consent." Fed. R. Civ. P. 16(b)(4); see e.g. *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d

6    339, 343 (5th Cir. 1990) (court impliedly granted motion to modify scheduling order by allowing

7    summary judgment motion after pretrial motion cut-off date).

8    To establish "good cause," parties seeking modification of a scheduling order must

9    generally show that, even with the exercise of due diligence, they cannot meet the order's timetable.

10   *Johnson, supra,* 975 F.2d at 609; *see e.g.*, *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F.Supp.2d 1221,

11   1224 (E.D. Cal. 2008) (granting request for modification that was promptly made when it became

12   apparent that compliance with the scheduling order was not possible). In determining "good cause,"

13   courts also consider the importance of the requested modification, the potential prejudice in allowing

14   the modification, and, conversely, whether denial of the requested modification would result in

15   prejudice. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (involving

16   amendment of pleadings).

17   Here, good cause exists for an extension of the discovery cut off given the Parties'

18   inability to complete necessary discovery. This matter was initially filed on August 11, 2020; however

19   Plaintiff did not immediately serve Defendant. By the time Plaintiff served Defendant with her First

20   Amended Complaint, and Defendant filed an Amended Answer and the Parties exchanged their Rule

21   26(f) disclosures, less than six months remained within the then-existing Scheduling Order's timetable

22   to complete all necessary discovery. Even then, the Parties diligently engaged in written discovery

23   efforts, including a request that Defendant conduct a search of voluminous ESI, which took several

24   months to complete. Once the Parties obtained an extension of the initial discovery deadline, they

25   continued to engage in written discovery efforts and they took depositions of available witnesses.

26   However, the unavailability of pertinent witnesses (including Plaintiff's former manager and alleged

27   harasser) has prevented the parties from completing discovery. The parties continue to meet and confer

28   regarding recently served discovery responses and seek an extension of the discovery deadline in order

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

Joint Stipulation to Further Modify the                4                2:20-CV-01608-TLN-DB
Scheduling Order; Order

to avoid unnecessary motion practice. In addition, the Parties have agreed to submit to early mediation and hope to reach a global resolution of this matter, but will need additional time in order to complete limited depositions prior to a mediation. If mediation is unsuccessful, the Parties will need additional time to conduct further discovery and prepare for trial.

**THEREFORE, upon good cause shown**, the Parties stipulate to continue the discovery cut off (and related deadlines) out by a minimum of 30 days (which would be July 30, 2022 for the discovery cutoff).

Dated:   July 1, 2022                                      KING & SIEGEL, LLP


                                                           */s/Robert J. King  (as approved on 7/1/22)*___
                                                           JULIAN BURNS KING
                                                           ELLIOT J. SIEGEL
                                                           ROBERT J. KING
                                                           Attorney for Plaintiff
                                                           SARAH FRAZIER


Dated:   July 1, 2022                                      LITTLER MENDELSON P.C.


                                                           */s/ Nathaniel H. Jenkins*
                                                           BARBARA A. BLACKBURN
                                                           NATHANIEL H. JENKINS
                                                           Attorneys for Defendant
                                                           ULTA SALON, COSMETICS & FRAGRANCE, INC.

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Joint Stipulation to Further Modify the
Scheduling Order; Order                          5                      2:20-CV-01608-TLN-DB

## <u>ORDER</u>

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: July 5, 2022

_____
Troy L. Nunley
United States District Judge